**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE FALU-MENDOZA,<br><br>           Petitioner,<br>   v.<br><br>J.W. SULLIVAN,<br><br>           Respondent. | CASE NO.   07CV0068-J<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Jose Falu-Mendoza ("Petitioner"), a federal prisoner proceeding *pro se*, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1.]  For the reasons set forth below, the Court **DISMISSES** the Petition for Writ of Habeas Corpus.

A prisoner in federal custody serving a sentence imposed by a federal court may challenge the sentence or conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  A prisoner in federal custody challenging the manner, location, or conditions of a sentence's execution may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is serving a sentence in a federal correctional institution in San Bernardino, California, after admitting that he violated conditions of supervised release. The Petition attacks the sentence Petitioner received for violating the terms of supervised release.  The Petition does not challenge the manner, location, or conditions of the sentence's execution.  The Court therefore **CONSTRUES** the Petition as one filed

1 | pursuant to 28 U.S.C. § 2255.

2 |      The instant Petition, filed by Petitioner on January 10, 2007, is Petitioner's second § 2255 petition. On April 7, 2006, Petitioner previously filed a habeas petition under § 2255, which was subsequently dismissed on January 25, 2007. [Case No. 04cr555, Doc. Nos. 32, 72.] A second or successive motion styled under § 2255 must be certified by a panel of the Court of Appeals. *See* 28 U.S.C. §§ 2255; 2244(b)(3)(A); *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (petitioner could not circumvent successive motion provisions by disguising § 2255 claims in a 28 U.S.C. § 2241 petition). Because the Court construes Petitioner's Motion as one filed under § 2255, Petitioner has in effect filed another petition for habeas relief under § 2255. In light of the fact that Petitioner did not submit a certificate of appealability with this second petition, the Court **FINDS** that Petitioner is procedurally barred from filing a second claim for relief under § 2255.

     Even if the Court were to construe the Petition as one filed under § 2241, the Court would be required to dismiss the Petition because it lacks jurisdiction over Petitioner's action. A § 2241 petition is required to be filed in a court which has personal jurisdiction over the respondent. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Petitioner is currently housed at the Central Detention Center in San Bernardino, which is located in the Central District of California. Accordingly, the Court **FINDS** that it lacks jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 2241. Because the Petition is procedurally barred under § 2255 and § 2241, the Court **DISMISSES** the Petition.

     **IT IS SO ORDERED.**

DATED: May 3, 2007

                                         HON. NAPOLEON A. JONES, JR.
                                         United States District Judge

cc: All Parties